## In re OKLAHOMA POWER CO.
## CITY OF HUGO v. OKLAHOMA POWER CO.

No. 18124. Opinion Filed Jan. 14, 1930.

R. S. Howe, for plaintiff in error.

V. E. McInnis, for defendant in error.

SWINDALL, J. This action comes to this court on appeal from the Corporation Commission of the state of Oklahoma, wherein the Oklahoma Power Company, on December 22, 1926, filed with the Corporation Commission an instrument in writing and acknowledged as required by chapter 102 of the Session Laws of Oklahoma 1925, wherein it states it is now engaged in the business of furnishing electric service as a public utility in the town of Hugo, state of Oklahoma, under a valid and existing municipal franchise granted by said municipality on or about the 9th day of January, 1906, being ordinance No. 48 of said city; "and whereas, pursuant to an Act of the Legislature of Oklahoma entitled, 'An Act relating to the business of furnishing power, light, heat, gas, electricity, or water in cities and towns; authorizing the surrender of municipal franchises in exchange for revocable permits; requiring certificates of convenience and necessity and providing for the determination and issuance thereof; and repealing acts in conflict with,' being chapter 102 of the Session Laws of Oklahoma 1925, and solely for the purpose set forth in said act, the Oklahoma Power Company desires to surrender its said municipal franchise and to receive in lieu thereof a valid permit from the state of Oklahoma as in said act provided;

"Now, therefore, the Oklahoma Power Company does by these presents hereby declare and agree that it surrenders its said municipal franchise in and for the town of Hugo for the purpose and in consideration, and for no other purpose or consideration whatsoever, of receiving a valid permit from the state of Oklahoma, pursuant to the terms of said act, revocable only in the manner in said act provided, granting to the Oklahoma Power Company the right until such permit shall be so revoked to conduct the same business in said municipality as it now conducts under and pursuant to the terms of said municipal franchise and to enjoy the use of the streets, alleys, and public grounds or ways in said municipality for that purpose, upon the terms and conditions of said municipal franchise, except as to its period of duration, subject, however, to the lawful police regulation and control of such municipality; and the Oklahoma Power Company agrees to accept and abide by the terms of such permit.

"The surrender of said municipal franchise evidenced by this instrument shall take effect concurrently with the vesting in the Oklahoma Power Company a valid permit from the state of Oklahoma of the tenor and effect provided for in said act hereinbefore set forth, and until the vesting of such a valid permit said municipal franchise shall in all respects continue in full force and effect."

The city of Hugo objected to the surrendering of said municipal franchise by the Oklahoma Power Company and receiving in lieu thereof a revocable permit issued by the Corporation Commission.

After a hearing before the Corporation Commission, and on the 11th day of January, 1927, the Corporation Commission of the state of Oklahoma issued a revocable permit as authorized and provided for by the Act of the Legislature, chapter 102 of the Session Laws of Oklahoma 1925, to which order granting said certificate or revocable permit, No. 203, the city of Hugo, Okla., has appealed to this court.

The issue presented by this appeal is the

constitutionality of chapter 102 of the Session Laws of the 10th Legislature of Oklahoma, 1925, known as House Bill No. 4.

In the case of City of Okmulgee, a Municipal Corporation, Plaintiff in Error, v. Okmulgee Gas Company, a Corporation, Defendant in Error, Oklahoma Natural Gas Corporation, a Maryland Corporation, Substituted Defendant in Error, No. 18465, 140 Okla. 88, 282 Pac. 640, this court held that chapter 102, Session Laws of the 10th Legislature of Oklahoma, 1925, commonly known as House Bill No. 4, being an act relating to the business of furnishing power, light, heat, gas, electricity, or water in cities and towns; authorizing the surrender of municipal franchises in exchange for revocable permits, requiring certificates of convenience and necessity and providing for the determination and issuance thereof and repealing acts in conflict therewith, by its terms authorizing any person, firm, association, or corporation now or hereafter engaged in the business of furnishing power, light, heat, gas, electricity, or water as a public utility in any city or town in this state under a municipal franchise now in existence or hereafter granted by such municipality at any time before the expiration of such franchise, but not thereafter, to file with the clerk of the municipal corporation which granted such franchise and with the Corporation Commission of the state of Oklahoma a written declaration and agreement issued in the manner required for the execution of conveyances of real estate, that it surrenders such municipal franchise for the purposes mentioned in said act; and in consideration, the utility surrendering the same shall, by operation of law, receive in lieu of such surrendered franchise a permit from the state revocable only by the Legislature of Oklahoma whenever in its opinion such permit may be injurious to the citizens of this state, in such a manner, however, that no injustice shall be done to the holder of such permit, in effect authorizes the converting of a limited franchise granted by a municipal corporation into a perpetual franchise, and therefore violates section 32 of art. 2 of the Constitution, which declares that perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed; and further that said chapter 102 of the Session Laws of 1925 is invalid in that it deprives the qualified electors of a municipality from granting, renewing, or extending a franchise for not exceeding 25 years, such power being reserved in our Constitution by the people to themselves under section 5a of art. 18 of the Constitution, and that chapter 102,

Session Laws of 1925, commonly known as House Bill No. 4, burdens and violates section 5b of art. 18 of the Constitution, in that it deprives 25 per centum of the total number of electors voting at the next preceding general municipal election from presenting a signed petition to the chief executive officer of a municipality demanding that a franchise be granted, extended, or renewed and filing the same with the chief executive officer of said municipal corporation, and deprives said chief executive officer from calling an election thereon within 10 days after the same is filed for the purpose of submitting the question of whether or not such franchise shall be granted, extended, or renewed, and if, at said election, a majority of the said electors voting thereon shall vote for the granting, extension, or renewal of such franchise, said act deprives and prevents the proper authorities of such municipality at the next succeeding regular meeting of the legislative body of the city from granting, extending, or renewing such franchise, such power being reserved in our Constitution by the people to themselves under section 5b of art. 18 of the Constitution.

We feel that it is not necessary to further discuss the question in this case, for what we said in City of Okmulgee v. Okmulgee Gas Company, supra, applies with equal force to this case.

We also hold that the Corporation Commission of the state of Oklahoma is without jurisdiction to permit the surrender of a municipal franchise granted by a municipal corporation and the receiving in lieu thereof by the holder of such a franchise of a revocable permit, as, under the Constitution of this state, the municipality granting the franchise and having the right under the Constitution to grant the franchise alone has the authority, by vote of the electors as provided for in the Constitution, of extending or renewing such franchise, and this right reserved in our Constitution by the people to themselves cannot be taken away from them by the Legislature, and any act of the Legislature which attempts to do so violates the letter and spirit of our Constitution, and is therefore void.

We therefore hold that the action of the Corporation Commission in permitting the Oklahoma Power Company to surrender its municipal franchise and receive in lieu thereof a revocable permit from the state of Oklahoma was beyond the power and jurisdiction of the Corporation Commission, and that revocable permit No. 203, issued by the Corporation Commission of the state of Oklahoma, was issued in violation of the

Constitution of the state of Oklahoma, and that the act of the Legislature under which the same was issued is unconstitutional and void, and this cause is, for that reason, reversed and remanded to the Corporation Commission of the state of Oklahoma, with directions to cancel revocable permit No. 203, issued January 11, 1927, to the Oklahoma Power Company, and to dismiss said proceedings for want of jurisdiction of the Corporation Commission to grant said permit.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. HUNT, J., dissents.

Note.—See "Franchises," 26 C. J. § 98, p. 1040, n. 33. "Monopolies." 41 C. J. § 13, p. 87, n. 64.